1  DAVID R. SINGH (Bar No. 300840)
   david.singh@weil.com
2  AMY TU QUYEN LE (Bar No. 341925)
   amy.le@weil.com
3  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway, 6th Floor
4  Redwood Shores, CA 94065-1134
5  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
6
7  DAVID L. YOHAI (*pro hac vice* forthcoming)
   david.yohai@weil.com
8  BLAKE J. STEINBERG (*pro hac vice* forthcoming)
   blake.steinberg@weil.com
9  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
10 New York, NY 10153
   Telephone: (212) 310-8000
11 Facsimile: (212) 310-8007
12
13 Attorneys for Defendant CABLE NEWS NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROL LESH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CABLE NEWS NETWORK, INC.,<br><br>Defendant. | Case No. 3:24-CV-1320<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |

1    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. § 1332, Defendant Cable News Network, Inc. ("CNN") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the County of Alameda, California, to the United States District Court for the Northern District of California.

## OVERVIEW

1. The Complaint in this case asserts claims for violation of California Invasion of Privacy Act ("CIPA") § 638.51(a) on behalf of Plaintiff and "all California residents who accessed" CNN's website in California "and had their IP address collected[.]" Compl. ¶ 88. The Complaint alleges that CNN transmits putative class members' IP addresses to third parties through tracking technologies provided by three advertising companies—PubMatic, Rubicon, and Aniview—and that these transmissions violated CIPA § 638.51(a), which prohibits any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." *Id.* ¶¶ 26-55, 97, 101.

2. As explained herein, there is federal jurisdiction over this case under the Class Action Fairness Act ("CAFA"), because the requirements of 28 U.S.C. §§ 1332(d) and 1453 are satisfied and no exception to CAFA's rules for removal to federal court applies.

## PROCEDURAL HISTORY

3. On January 25, 2024, Plaintiff Carol Lesh filed a complaint in the Superior Court of the State of California, County of Alameda, against CNN. Attached as **Exhibit A** is a true and correct copy of the Complaint and Summons served upon CNN in the Superior Court action. Attached as **Exhibit B** is a true and correct copy of all other materials served upon CNN in the Superior Court action.

4. The Superior Court of the County of Alameda is located within the Northern District of California. 28 U.S.C. § 84(a). Therefore, removal of Plaintiff's case to this Court is proper under 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

5. 28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Plaintiff served the Complaint on CNN on February 5, 2024. This Notice of Removal, filed on March 5, 2024, is therefore timely.

## THE COMPLAINT'S ALLEGATIONS

6. Plaintiff alleges that upon visiting the CNN website, certain trackers and cookies were installed on visitors' browsers, and that these trackers and cookies caused visitors' browsers to transmit their IP addresses to third parties. Compl. ¶¶ 29-30, 39-40, 49-50. According to the Complaint, CNN "incorporated the code" of these trackers "into the code of its Website" for purposes of marketing, advertising, and analyzing user data. *Id.* ¶¶ 60, 63, 68, 72, 79. Plaintiff further contends that the transmissions occurring via these trackers and cookies occurred without website visitors' consent and without the authorization of a court order. *Id.* ¶ 64.

7. Based on these allegations, Plaintiff seeks to asserts claims on her behalf and on behalf of a putative class of "all California residents who accessed" CNN's website in California "and had their IP address collected[.]" *Id.* ¶ 88. Plaintiff does not allege a specific class period. *Id.* ¶¶ 88-94. The Complaint asserts a single claim for alleged violation of CIPA § 638.51(a). *Id.* ¶¶ 95-104.

8. The Complaint seeks statutory damages, pre- and post-judgment interest, attorney fees and litigation costs, and other damages and remedies. Compl. Prayer for Relief.

## BASIS FOR REMOVAL UNDER CAFA

9. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. 28 U.S.C. § 1332(d). Each of these requirements is met here.

**A.    The Class Claims Satisfy the Numerosity Requirement**

10. The Complaint is styled as a "class action" and seeks relief for Plaintiff as well as for "all California residents who accessed" the CNN website "in California and had their IP address collected" by certain trackers. Compl. ¶ 88.

11. The Complaint alleges that the class numbers in the "thousands, if not millions of persons." *Id.* ¶ 90. Based on Plaintiff's own allegations, the number of proposed class members significantly exceeds 100 class members. Accordingly, CAFA's numerosity requirement is satisfied here.

**B.     The "Minimal Diversity" Requirement is Satisfied**

12. Plaintiff alleges that she resides in Berkeley, California. *Id.* ¶ 6. She seeks to represent a class of similarly situated individuals, exclusively in California. *Id.* ¶ 88.

13. The Complaint names CNN as the sole defendant. CNN is diverse from Plaintiff. It maintains its principal place of business in Atlanta, Georgia and is incorporated in Delaware.

14. Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal. 28 U.S.C. § 1332(d)(2)(A).

15. This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) and 1446 because CNN is not a citizen of the forum state of California.

**C.     The Matter In Controversy Exceeds $5,000,000**

16. The Complaint alleges that the putative class numbers in the "thousands, if not millions of persons." Compl. ¶ 90. The Complaint asserts a single claim for violation of CIPA § 638.51(a). *Id.* ¶¶ 95-104; Compl. Prayer for Relief. Plaintiff states that "[p]ursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by Defendant's violations of CIPA § 638.51(a), and each seeks statutory damages of $5,000 for each of Defendant's violations of CIPA § 638.51(a)." *Id.* ¶ 104.

17. While CNN denies that Plaintiff is entitled to recover any amount (let alone $5,000 per violation), and denies that class certification is proper, the Complaint's allegations place over five million dollars ($5,000,000) at issue, exceeding the threshold for removal under CAFA. Considering Plaintiff's statutory damages request alone (without consideration of the other relief sought, including pre- and post-judgment interest), and using the Complaint's lowest estimate of the size of the putative class, "thousands" (or two thousand (2,000)), CAFA's five million dollar ($5,000,000) requirement is satisfied. Assuming that Plaintiff is seeking at least statutory damages of five thousand dollars ($5,000) for a class of at least two thousand (2,000), the minimum amount in controversy equates to ten million dollars ($10,000,000). For the purpose of determining the amount in controversy, the amount at issue is the amount of liability Plaintiff alleges. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

**D.   No Exception to CAFA Removal Applies**

18.   No exception to removal under CAFA applies.

\*   \*   \*

19.   For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

20.   Counsel for CNN certifies, pursuant to 28 U.S.C. § 1446(d), that CNN will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record, and will promptly file with the Clerk of the Superior Court of the State of California, County of Alameda, a copy of this Notice of Removal.

Dated: March 5, 2024                    Respectfully submitted,

                                        WEIL, GOTSHAL & MANGES LLP

                                        By:  /s/ David R. Singh
                                        DAVID R. SINGH (Bar No. 300840)
                                        david.singh@weil.com
                                        AMY TU QUYEN LE (Bar No. 341925)
                                        amy.le@weil.com
                                        WEIL, GOTSHAL & MANGES LLP
                                        201 Redwood Shores Parkway, 6th Floor
                                        Redwood Shores, CA 94065-1134
                                        Telephone: (650) 802-3000
                                        Facsimile: (650) 802-3100

                                        DAVID L. YOHAI (*pro hac vice* forthcoming)
                                        david.yohai@weil.com
                                        BLAKE J. STEINBERG (*pro hac vice* forthcoming)
                                        blake.steinberg@weil.com
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, NY 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Defendant CABLE NEWS NETWORK, INC.